UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLA NIGRO, INDIVIDUALLY AND FOR OTHERS SIMILARLY SITUATED** | * * * * | **CIVIL ACTION NO. 2:23-CV-5581** **JUDGE WENDY B. VITTER** |
| **Plaintiff,** | * * | |
| v. | * * * | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **LOUISIANA CHILDREN'S MEDICAL CENTER D/B/A LCMC HEALTH** | * * * | **JURY TRIAL DEMANDED** |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Gabriella Nigro, and Opt-in Plaintiffs April Adams, Ashley Whittington, Darrell Thrasher, and Juan Barrera (collectively "Plaintiffs"), and Defendant, Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC"), (sometimes collectively referred to as "the Parties") hereby file this Joint Motion to Approve Settlement and respectfully move this Court for an Order approving the Confidential Settlement Agreement between the Parties.

**I.      SUMMARY.**

The Parties have reached a settlement of Plaintiff's pending unpaid wage and overtime claims under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA").

The FLSA settlement was the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information. The terms of the settlement are reasonable and appropriate and fair to all Parties involved. Accordingly, the Parties ask the Court to approve the settlement and enter an order dismissing this lawsuit.

#5197388v1

**II.     BACKGROUND.**

Plaintiffs filed this lawsuit against LCMC seeking to recover unpaid overtime wages, unpaid wages, liquidated damages, attorney fees and all other relief available under the Fair Labor Standards Act (the "FLSA") based on claims that LCMC violated the FLSA by failing to pay Plaintiffs for all hours worked at LCMC due to LCMC's meal break auto-deduction policy and rounding policy.  LCMC timely filed an answer denying Plaintiffs' allegations and specifically maintains that its compensation policies comply with the requirements of the FLSA.  LCMC further maintains that it acted in good faith at all times with regard to its belief that its compensation policies complied with the FLSA.  Further, LCMC maintains that it did not willfully violate the FLSA.

Prior to engaging in settlement discussions, the Parties independently and thoroughly investigated the claims and defenses at issue. The Parties engaged in formal and informal exchange of information and documents. Accordingly, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records and conducting witness interviews. These efforts provided all Parties involved with great insight as to potential liability, applicable defenses, and the range of recovery at issue. The effort and insight of counsel for both Parties, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding the alleged failure to pay overtime compensation, allowed the Parties to intelligently, and in good faith, weigh both the risks and benefits of costly and time-consuming continued litigation. Finally, extensive arms'-length negotiations between seasoned counsel with extensive experience prosecuting and/or defending such FLSA wage claims resulted in a fair and reasonable resolution of multiple issues disputed in this action, giving rise to the Parties' Agreement.

The Parties now have reached agreement on the terms of a Confidential Settlement Agreement, attached as Exhibit A and filed under seal.[1]

### III. COURT APPROVAL.

Many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). However, there is an exception to the general rule: Parties are free to resolve disputed FLSA claims by private agreement and without Court approval, provided such unsupervised settlement is reached due to a bona fide FLSA dispute over hours worked or compensation owed. *Id.* at 165 (citing *Martin v. Spring Break '83 Productions,* 688 F.3d 247, 255 (5th Cir. 2012)). Parties to FLSA litigation may, however, seek Court review and approval of FLSA collective actions under 29 U.S.C. §216, and here, the Parties are seeking such approval of the instant settlement. See *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714 (E.D. La. 2008); *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

To approve an FLSA settlement, a Court must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food*, 679 F.2d at 1352-55 (11th Cir. 1982); *Collins*, 568 F.Supp.2d at 719; *see also Menard v. Rayne Guest Home Inc.*, No. 6:20-CV-00078, 2021 WL 4452237, at *1 (W.D. La. Sept. 10, 2021), *report and recommendation adopted,* No. 6:20-CV-00078, 2021 WL 4452054 (W.D. La. Sept. 28, 2021). Here, the proposed Confidential Settlement Agreement meets the standard for approval under the FLSA.

### a. A Bona Fide Dispute Exists.

---

[1] One of the material terms of the settlement is the confidentiality of the Settlement Agreement, as well as the confidentiality of the amount of settlement. As such, the Parties have filed the proposed Settlement Agreement under seal.

It is undisputed that a bona fide dispute exists as to the FLSA claims asserted by the Plaintiffs. Significant uncertainty exists in this case for both Parties, as a result of the disputed issues between the Parties, including but not limited to factual disputes and disputes as to the governing law. Plaintiffs claim that they are entitled to recover all unpaid wages, including overtime, for the compensable work they allegedly performed "off the clock" during the period of time automatically deducted for meal breaks and due to rounding policies. Plaintiffs contend that LCMC willfully and/or in reckless disregard carried out pay policies that deprived Plaintiffs of overtime wages in violation of the FLSA and that Plaintiffs are entitled to unpaid wages, liquidated damages and attorneys' fees.

In contrast, LCMC denies any and all violations of the FLSA. LCMC specifically denies that Plaintiffs were engaged in compensable work during the meal breaks alleged by Plaintiffs, and LCMC avers that it has policies and practices in place to override the automatic meal deduction when employees work through lunch and that Plaintiffs were compensated for such time. LCMC maintains that it properly paid Plaintiffs for all hours worked. LCMC also maintains that, at all times, it acted with the requisite good-faith compliance with its obligations under the FLSA and did not violate the FLSA or any state law. LCMC denies liability for payment of any additional wages, damages, or attorneys' fees.

The Parties respectfully submit that the proposed settlement of this bona fide dispute is fair, reasonable, and in the best interest of all Parties.

      b. **The Proposed Settlement is Fair and Reasonable.**

Given the above bona-fide disputes surrounding liability and damages, the Agreement reached by the Parties unequivocally presents a fair and reasonable resolution. The Agreement was negotiated by attorneys who have been prosecuting and defending FLSA cases throughout their

careers and the firms and attorneys involved have significant experience in handling FLSA collective action litigation.

For example, counsel for Plaintiffs have successfully litigated hundreds of FLSA cases throughout the United States. *See* Exhibit B, Declaration of Andrew Dunlap, at ¶¶ 5-10. Counsel for Plaintiffs have been successful in prosecuting, litigating and resolving FLSA cases over the years and routinely have settlement agreements that they have negotiated approved by Federal Courts throughout the country. *Id*. Counsel for Plaintiffs have been recognized by Courts as experienced and successful FLSA lawyers and litigators with specialization in FLSA claims and enforcement. *Id*. And counsel for Defendant is also an experienced employment lawyer and has extensive FLSA litigation experience and has litigated FLSA litigation and wage and hour litigation in all Federal Court venues in Louisiana and in Federal Court venues in other states. In assessing the fairness and reasonableness of settlement, deference to experienced counsel who have negotiated and recommended settlement should be afforded. See *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Collins*, 568 F.Supp.2d at 714; *Austin v. Pennsylvania Dept. of Corrections*, 876 F.Supp. 1437 (E.D. Pa. 1995); *In re: Coordinated Pretrial Proceedings; Fisher Brothers v. Phelps Dodge Industries*, 604 F.Supp. 446 (E.D. Pa. 1985). Consistent with the same, this Court should approve the Parties' Agreement.

## IV. CONCLUSION.

The Parties respectfully submit that this Honorable Court should approve the Agreement for the foregoing reasons. Settlement was reached through a very spirited but professional negotiation process and is not a product of fraud or collusion; moreover, settlement and compromise is advisable in light of the complexity, expense and likely duration of the litigation absent a resolution between the Parties. See *Parker v. Anderson*, 667 F.2d 1204 (5th Cir. 1982).

#5197388v1

Additionally, settlement was reached after the Parties exchanged data, information and damages models and without the necessity of Court involvement. Moreover, the factual and legal obstacles each Party would face prior to prevailing on the merits (if at all), the possible range of recovery, or no recovery at all, the uncertainty of damages and the respective opinions of the participants, including counsel and the class representative, demonstrate that the Parties have reached a fair and reasonable compromise of disputed claims and that the Agreement should be approved.

The Parties request that the Court approve the Confidential Settlement Agreement and all of its terms. Upon consummation and completion of the settlement procedures described therein, the Parties shall jointly initiate dismissal of the case with prejudice.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court issue an order approving the Settlement as set forth above.

Dated: February 21, 2024

Respectfully submitted,

*/s/ Alyssa J. White*
Michael A. Josephson (Texas Bar No. 24014780)
Andrew W. Dunlap (Texas Bar No. 24078444)
Alyssa J. White (Texas Bar No. 24073014)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

Richard J. (Rex) Burch (Texas Bar No. 24001807)
**BRUCKNER BURCH, P.L.L.C.**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

#5197388v1

Philip Bohrer (Louisiana Bar No. 14089)
Scott E. Brady (Louisiana Bar No. 24976)
**Bohrer Brady, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
225-925-5297 – Telephone
phil@bohrerbrady.com
scott@bohrerbrady.com
*Attorneys For Plaintiffs*

-and-

Respectfully submitted,

*/s/ Amy L. McIntire*
Peter J. Rotolo, III (#21848)
Amy L. McIntire (#35241)
A. Elyce Ieyoub (#39918)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Tel: (504) 585-7000
Fax: (504) 585-7075
Email: rotolo@chaffe.com
mcintire@chaffe.com
elyce.ieyoub@chaffe.com
*Attorneys for Louisiana Children's Medical Center d/b/a LCMC Health*

7

#5197388v1