UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GABRIELLA NIGRO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5581** |
| **LOUISIANA CHILDREN'S MEDICAL CENTER** | **SECTION: D (4)** |

**ORDER AND REASONS**

Before the Court is a Joint Motion to Approve Settlement filed by the Plaintiff, Gabriella Nigro, the Opt-in Plaintiffs, April Adams, Ashley Whittington, Darrell Thrasher, and Juan Barrera, and the Defendant, Louisiana Children's Medical Center.[1] After careful consideration of the record, the parties' memorandum, and the applicable law, the Motion is **GRANTED**, and the settlement is **APPROVED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2023, Gabriella Nigro, on behalf of herself and other individuals similarly situated, filed a Complaint against her employer, Louisiana Children's Medical Center, for its failure to pay appropriate overtime wages under the Fair Labor Standards Act (the "FLSA").[2] Four individuals subsequently opted into this lawsuit.[3]

On January 30, 2024, the parties filed a Joint Notice of Settlement into the record, notifying the Court that the parties had reached a settlement in this matter.[4] The Court thereafter conditionally dismissed the case without prejudice.[5] On

---

[1] R. Doc. 24.
[2] R. Doc. 1.
[3] R. Doc. 5.
[4] R. Doc. 22.
[5] R. Doc. 23.

February 21, 2024, the parties jointly filed the instant Joint Motion to Approve Settlement as well as a Joint Motion to File Confidential Settlement Agreement Under Seal.[6] The Court granted the latter Motion and filed the Confidential Settlement and Release Agreement into the record under seal.[7] In the instant Joint Motion, the parties request that the Court review and approve the terms of the proposed settlement of this collective action under the FLSA.[8]

On March 14, 2024, this Court held a Telephone Status Conference with counsel for the parties to discuss the instant Motion.[9] The Court inquired with counsel about the nature of the dispute and about counsel's experience in handling FLSA actions.

## II. LEGAL STANDARD

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[10] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"[11] In deciding whether to approve the settlement of an FLSA collective action, the Court's primary focus is not on due process concerns, as it would be for a

---

[6] R. Doc. 24; R. Doc. 25.
[7] R. Doc. 29.
[8] R. Doc. 24.
[9] R. Doc. 31.
[10] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[11] *Id.* at 719 (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)); *Camp v. Progressive Corp.*, Civ. A. Nos. 01-2680, 03-2507, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).

Fed. R. Civ. P. 23 class action.[12]  Instead, the Court must focus on ensuring that an employer does not take advantage of its employees in settling their claim for wages.[13]

### III.   ANALYSIS

Although this case is in its relative infancy as it has been on the Court's docket for less than six months and extensive discovery and motions practice have not yet commenced, the Court agrees with the parties that this case presents a bona fide wage dispute and that the settlement agreement is fair and reasonable.  Moreover, counsel for the Plaintiffs and for the Defendant both have extensive experience litigating wage and hour disputes, including FLSA collective actions.

### A.   **The Settlement is the Product of a Bona Fide Dispute.**

Having reviewed the pleadings and the Confidential Settlement and Release Agreement executed by the parties, and having spoken with counsel during the March 14, 2024 Telephone Status Conference, the Court finds that the proposed settlement is the product of a bona fide dispute over FLSA provisions.  Specifically, there is a bona fide dispute regarding whether Defendant properly compensated the Plaintiffs for any work they performed during their lunch time break and the amount of any damages owed.  This factual dispute depends on the credibility of the parties and the reliability of any timekeeping records.

### B.   **The Settlement is Fair and Reasonable.**

In determining whether a settlement is fair and reasonable, the Court must consider the following six factors set forth by the Fifth Circuit in *Reed v. General*

---

[12] *Collins*, 568 F. Supp. 2d at 719 (citations omitted).
[13] *Id.* (citations omitted).

*Motors Corp.*[14]: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members."[15] When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair.[16]

### 1. There was no fraud or collusion behind the settlement.

Turning to the first *Reed* factor, Court has found no indication of fraud or collusion. In addition to the strong presumption in favor of finding a settlement fair, absent evidence to the contrary, there is also a presumption that no fraud or collusion occurred between counsel.[17] Here, the parties have engaged in preliminary discovery and negotiations to resolve this matter. The parties assert that "extensive arms'-length negotiations between seasoned counsel with extensive experience prosecuting and/or defending such FLSA wage claims resulted in a fair and reasonable resolution of multiple issues disputed in this action."[18] There has been no claim of fraud or collusion. As such, the Court finds that the first factor indicates the settlement is fair and reasonable.

---

[14] 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)).
[15] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008) (quoting *Camp*, 2004 WL 2149079)).
[16] *Domingue v. Sun Elec. & Instrumentation, Inc.*, Civ. A. No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (quoting *Camp*, 2004 WL 2149079, at *5).
[17] *Catherine v. SureTemps, LLC*, Civ. A. No. 17-7561, 2019 WL 4038604, at *3 (E.D. La. Aug. 27, 2019) (citing *Atkins v. Worley Catastrophe Response, LLC*, Civ. A. No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014)).
[18] R. Doc. 24 at p. 2.

### *2. The complexity and expense of the litigation*

The Court further finds that the second factor, the complexity, expense, and likely duration of the litigation, also indicates that the settlement is fair and reasonable. The parties assert that continued litigation will be both "costly and time-consuming."[19] Counsel for the parties stated similarly during the March 14, 2024 Telephone Status Conference. The Court finds that the unresolved issues and the complexity of the litigation indicate that the settlement is fair and reasonable.

### *3. The stage of the proceedings and the amount of discovery completed.*

Turning to the third factor, the stage of the proceedings and the amount of discovery completed, the Court finds this factor is neutral. The Court considers how much formal discovery has been completed because "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[20]

As previously mentioned, the parties settled this case before extensive discovery or any motions practice had taken place. That being said, the Court finds that sufficient preliminary discovery had taken place for the parties to capably and reasonably reach a settlement in this matter. As counsel for the parties confirmed to

---

[19] *Id.*
[20] *Black v. DMNO, LLC*, Civ. A. No. 16-2708, 2018 WL 4076330, at *3 (E.D. La. Aug. 27, 2018) (*quoting* NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)).

the Court, the main disputes in this case concern whether the time sheets kept by the Defendant accurately captured any time the Plaintiffs spent working during their lunch break. In the context of the disputes here, the Court concurs that the parties had sufficient information and development of the claims to be able to reach a reasonable settlement.

Thus, the Court finds that while the parties have litigated this case in an adversarial manner and are sufficiently familiar with the facts to reach a fair settlement, the third *Reed* factor is neutral because of the relatively limited amount of formal discovery that has taken place.

### 4. *Plaintiffs' probability of success on the merits is uncertain.*

The Court finds the fourth factor, the probability of Plaintiffs' success on the merits, is uncertain at this point. As outlined above, there remain several issues in dispute regarding liability and damages. These disputes require determination of the credibility of the Plaintiffs and the accuracy of any timekeeping by the Defendant. Given the unresolved disputes between the parties and the stage at which this litigation remains, the Court finds it unclear whether and to what extent Plaintiffs would be meritorious. As such, this factor indicates the settlement is fair and reasonable.

### 5. *The range of possible recovery is uncertain.*

The parties have not provided the Court with sufficient information regarding the range of possible recovery for either Plaintiff Nigro or any of the Opt-In Plaintiffs.

Accordingly, the Court finds the fifth *Reed* factor to be neutral, while noting that the award for attorneys' fees does not appear to be unreasonable in this case.

### 6. *Opinions of class counsel, class representatives, and absent class members.*

The only parties to the settlement in this case are Plaintiffs Gabriella Nigro, April Adams, Ashley Whittington, Darrell Thrasher, and Juan Barrera, and the Defendant, Louisiana Children's Medical Center. There are no "absent class members." Further, both parties are represented by experienced and competent counsel in this matter and "[t]he Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement."[21] The parties in this case jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. As such, the Court finds this final factor indicates the settlement is fair and reasonable.

Based on the foregoing, the Court finds that three of the six *Reed* factors indicate that the settlement reached in this case is fair and reasonable and that three factors are neutral. In light of the "strong presumption" that a settlement is fair,[22] the Court finds that the settlement reached in this case is fair and reasonable.

---

[21] *Lackey v. SDT Waste & Debris Servs., LLC*, Civ. A. No. 11-1087, 2014 WL 4809535, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 727 (E.D. La. 2008)) (internal quotation marks omitted).

[22] *Domingue*, 2010 WL 1688793, at *1; *Camp*, 2004 WL 2149079 (citing *Cotton v. Hinton*, 599 F.2d 1326, 1331 (5th Cir. 1977)); *Henderson v. Eaton*, Civ. A. No. 01-0138, 2002 WL 31415728, at *2 (E.D. La. Oct. 25, 2002).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the settlement reached in this case is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and therefore and approves the settlement. The Court thanks the parties for their efforts in amicably resolving this matter

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement[23] is **GRANTED** and that the parties' Confidential Settlement and Release Agreement[24] is **APPROVED**.

New Orleans, Louisiana, March 27, 2024.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[23] R. Doc. 24.
[24] R. Doc. 29.